By the Court,

Cowen, J.
The note sufficiently expresses a consideration, but purports on its face to bind the company alone. It is then signed by the president and agent, whose names are followed by the signatures of the defendants in the place where we should look for those names, had they been expressly mentioned as sureties. Had the names been endorsed in blank, inasmuch as the note was probably not negotiable, the plaintiff might I think have written an absolute guaranty over the endorsement, which would have subjected the defendants in that form as joint and several makers with the company. The names being placed at the foot, import the same thing even more clearly. No other purpose can possibly be imagined. They do not declare themselves agents or witnesses. They must have meant to be makers or nothing. TJt res magis valeat quam pereat, the instrument should enure as the parties intended it should. If it were ambiguous, it is by no means *665 clear that it might not be made available by extrinsic evidence. But it is not. The import is, we promise jointly with the company.
It is supposed that the statute of frauds is in the way; and this is an objection which has been much urged, and seems to have constituted the main obstacle to raising a guaranty upon a blank endorsement. The answer finally given, however, is, that the endorsement is an effectual writing and signing of a contract, within the meaning of the statute, just as much so as if the words had first been written out. It is not necessary that a promise should be expressed by any particular form of words in order to satisfy the statute. Nor is it necessary that any thing more should appear, even to make a valid guaranty, than the intent of the party as collectable from necessary implication. A signature or endorsement in blank, holding such a relation as to import an intent to be bound, is the expression of an obligation in writing as well as a signing. It may, says Peters, J., (Beckwith v. Angeli, 6 Conn. Rep. 321,) be moulded into any shape to effectuate the intent of the parties.
But there is, I think, quite a number of cases which will hardly be denied to come with the force of direct authority. An appeal bond signed and sealed by a surety, though the name of the principal only was inserted in the body of the bond, was holden to be binding on the surety. (Ex parte Fulton, 7 Cowen, 484.) The court said: “ A full intent to be bound by the terms of this bond is plain from the act of executing it.” Of a like case, Parsons, C. J. said: " It is very clear, Cushing (the surety) would be holden as an obligor, on his executing the bond, if the blank had never been filled up with his name.” (Smith v. Crooker, 5 Mass. Rep. 540.) Again, in Williams v. Greer's adm’rs, (4 Hayw. 239,) speaking of a like case, the court of Tennessee say: “ Though Greer’s name is not mentioned in the bond, yet he signed, sealed and delivered it, and must be considered as bound thereby.” In those cases, as here, one name only was mentioned as obligor. Yet this was *666 not held to exclude the inference of an intent in all who signed to be bound. A declaration might, following the legal effect, have charged all as obligors in the bond. So here of the defendants, as promissors in this note._
New trial denied.